# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 209

HAYES et v. HALLE et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6682.   Decided Oct. 19, 1925

225.  CHARGE TO JURY—The question of attestation is a matter of law and not of fact and therefore cannot be incorporated in a charge to a jury.

1204.  UNDUE INFLUENCE—In the making of a will, undue influence must be such as to abrogate the free agency of the donor.

1271.  WILLS—Testamentary capacity must be interpreted under the rules set down in 97 OS. 146.

SULLIVAN, J.

This cause came into the Court of Appeals on error proceedings from the Cuyahoga Common Pleas; and it was sought to set aside the verdict of the jury and judgment of the lower court, declaring that a paper writing, purporting to be the last will and testament of Mary Hayes was not her last will, on the grounds that the will was not attested properly; that undue influence was exerted upon the testatrix; and that she did not have testamentary capacity.

The error assigned by Belle Hayes, executrix of the will, was, that the issue as to lawful attestation and execution of the will, is not an issue in the case, and if it were, it was a question for the court and not the jury and that the weight of the evidence did not bear out the findings of the jury as to undue influence and testamentary capacity.

The Court of Appeals held:

1.  "Whether a writing offered for probate is or is not lawfully executed, attested, and acknowledged so as to be a valid will, is a question of law, and not of the weight of the evidence." 56 OS. 405.

2.  It appears from the charge that the court submitted the question of attestation to the jury and it is our belief that this was a question for the Court to decide and not the jury.

3.  When such a question is presented to a jury it becomes clothed with judicial functions without authority.

4.  "Undue," in the term undue influence as

defined in a legal sense means "that which destroys the free agency of the donor."

5.  "The mere fact that a testator makes an unequal and unfair distribution of his property does not raise a presumption of undue influence." 90 OS. 129.

6.  The testimony showed that, "She was always of a vigorous and assertive character, both mentally and physically." This coupled with the authorities cited shows clearly that the decision was against the weight of the evidence.

7.  Did the testatrix understand, the nature of the business, the nature and extent of her property and those who had a natural claim upon her property, and did she understand her relation to her sons and daughter? 97 OS. 146.

8.  The evidence is in favor of the testatrix, that she met, in her testamentary capacity, all legal requirements. There is no substantial evidence assailing her testamentary capacity.

9.  On account of the evidence presented and the authorities cited, the court believes that there is sufficient cause to reverse the judgment and that the case was not decided properly as to the preponderance of the evidence.

Judgment reversed.

Attorneys—T. J. Ross for Hayes et: E. C. Osterland for Halle et; both of Cleveland.